AO 106 (Rev. 04/10) Application for a Search Warrant (USAO CDCA Rev. 01/2013)

# UNITED STATES DISTRICT COURT
for the
Western District of Oklahoma

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
Apple iPhone 13 Pro Max with IMEI 352653448300120O ) Case No. M-24-398-STE
currently located at Bureau of Alcohol, Tobacco, Firearms, and )
Explosives 901 N.E. 122nd Street, Suite 200 Oklahoma City, )
Oklahoma 73114 )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the ___Western___ District of ___Oklahoma___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §922(g)(1) | Felon in Possession of a Firearm |
| 18 U.S.C. §924(c)(1)(A)(i) | Possession of Firearms in Furtherance of a Drug-Trafficking Crime |
| 21 U.S.C. §841(a)(1) | Possession with Intent to Distribute |

The application is based on these facts:
See attached Affidavit of ATF Special Agent, David McCauley, which is incorporated by reference herein.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

David McCauley, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: **May 2, 2024**

*Judge's signature*

City and state: Oklahoma City, Oklahoma

Shon T. Erwin, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF APPLE IPHONE 13 PRO MAX WITH IMEI 3526534483001200 CURRENTLY LOCATED AT BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES 901 N.E. 122ND STREET, SUITE 200, OKLAHOMA CITY, OKLAHOMA 73114 | Case No.  MJ-24-398-STE |

**AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT**

I, David J. McCauley Jr., being first duly sworn, hereby depose and state as follows:

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device identified below and in Attachment A, which is currently in law enforcement possession—and the extraction from that property of electronically stored information described in Attachment B, which constitute evidence, instrumentalities, and fruit of violations of 18 U.S.C. §§ 922(g)(1), 924(c) and 21 U.S.C. § 841(a)(1).

2. I am employed as a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so since June, 2018. Prior to Employment with ATF, I was employed by the Hampton Police Department since 2011 as a Police Patrol Officer. I have been employed in law enforcement for over 13 years. I am a graduate of the Federal Law Enforcement Training

Center and the ATF National Academy; because of my training and experience as an ATF Special Agent, I am familiar with Federal criminal laws. I am currently assigned to the Oklahoma City Field Office and am charged with investigating violations of Federal Law, including violations of the Gun Control Act of 1968, as amended (Title 18, United States Code, Sections 921 et seq.), explosives, arson, alcohol, and tobacco laws.

3. I am submitting this Affidavit in support of a search warrant authorizing a search of one cellular telephone: an **Apple iPhone 13 Pro Max with IMEI 3526534483001200** (hereinafter **SUBJECT PHONE**), as further described in **Attachment A**, which is incorporated into this Affidavit by reference. The ATF has custody of the **SUBJECT PHONE** in Oklahoma City, Oklahoma. I am submitting this Affidavit in support of a search warrant, which would authorize the forensic examination of the **SUBJECT PHONE** for the purpose of identifying electronically stored data that is particularly described in **Attachment B**, which constitute instrumentalities, evidence, and fruits of violations of Possession of a Firearm by a Convicted Felon (18 U.S.C. § 922(g)(1)), Possession of Firearm(s) in Furtherance of a Drug Trafficking Crime (18 U.S.C. § 924(c)) and Possession with Intent to Distribute Controlled Substances (21 U.S.C. § 841(a)(1)).

4. Based on my training, experience, and the facts set forth in this Affidavit, there is probable cause to believe that violations of 18 U.S.C. §§ 922(g)(1), 924(c) and 21 U.S.C. § 841 have been committed by Tera Michell Warren (WARREN) and others.

There is also probable cause to search the property described in **Attachment A** for instrumentalities, evidence, and fruits of these crimes, as described in **Attachment B**.

5. Since this affidavit being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me regarding this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to support the issuance of a search warrant. The information contained in this Affidavit is based upon my personal knowledge and observation, my training and experience, conversations with other law enforcement officers, and review of documents and records.

## PROBABLE CAUSE

6. On February 3, 2024, state law enforcement was conducting surveillance at WARREN's residence, located at 1033 NW 167th Street, Edmond, Oklahoma. Agents were conducted the surveillance based on information that WARREN was involved in the distribution of controlled substances.

7. In the course of this surveillance, law enforcement observed a black Cadillac Escalade bearing Cheyenne and Arapho tribal license plate 029707 park in from of WARREN's residence. The driver of the vehicle exited his vehicle and walked to the garage, where law enforcement observed him meet with WARREN. In the course of the meeting, law enforcement observed several items being exchanged between WARREN and the driver, before the driver re-entered his vehicle and departed.

8. Law enforcement followed the black Escalade from WARREN's residence and performed a traffic stop. In the course of this traffic stop, a K-9 gave a positive alert for the odor of narcotics. Upon a search of the vehicle, law enforcement found and seized approximately 15 grams of methamphetamine.

9. Following this traffic stop, law enforcement obtained a state search warrant for WARREN's residence. The warrant was executed by state law enforcement the same day. In the course of the search, law enforcement recovered approximately 2 pounds of marijuana;, 2.6 grams of fentanyl; 7 grams of methamphetamine; and a Smith & Wesson, Model 469, 9mm caliber pistol, bearing serial number A869332.

10. Upon completion of the search, WARREN was interviewed by law enforcement at her residence. Following the advisement of her Miranda rights, WARREN agreed to speak with law enforcement. In the course of the interview, WARREN (i) admitted knowledge of having previously been convicted of a felony; (ii) admitted that she knew she could not have a firearm; and (iii) admitted that she owned the firearm for protection. WARREN further stated that the methamphetamine and fentanyl were hers, but she stated that she believed the fentanyl was powder methamphetamine. She stated that she was holding the marijuana for another individual.

11. On April 25, 2024, law enforcement arrested WARREN in Edmond, Oklahoma, pursuant to a federal arrest warrant. The federal arrest warrant was issued in conjunction with an indictment in Case Number CR-24-171-R. At the time of her arrest, WARREN was in possession of the **SUBJECT PHONE**.

12. Based upon my training and experience, I am aware that individuals involved in trafficking illegal drugs often use cell phones to maintain contact with other co-conspirators, including suppliers, transporters, distributors, and purchasers of illegal narcotics. Such cell phones and their associated memory cards commonly contain electronically stored information which constitutes evidence, fruits, and instrumentalities of drug trafficking offenses including, but not limited to, the phone directory and/or contacts list, calendar, text messages, e-mail messages, call logs, photographs, and videos.

13. Based on my training and experience, I know that individuals involved in trafficking illegal drugs often take and store photographs of controlled substances and the proceeds of drug sales, and usually take and store these photographs using their cell phones.

14. Based on my training and experience, I am aware that individuals involved in the illegal possession of firearms utilized their cell phones (and applications on their phone) to communicate with others to acquire firearms through illegal means. I am further aware that individuals involved in the illegal possession of firearms will often take and store photographs of their firearms or other firearms available for purchase. These individuals will usually take and store these photographs using their cell phones.

15. Based on my training and experience, I know that individuals involved in trafficking illegal drugs or in the illegal possession of firearms will maintain financial information on their phone to send and receive money, maintain ledgers and logs, record

photographs and videos of contraband, and conduct internet searches to assist in the furtherance of their illegal criminal acts. I further know that cellular phones often contain GPS mapping information related to their criminal activity.

16. Based on my training and experience, I know that electronic devices like the **SUBJECT PHONE** can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the electronic device. This information can sometimes be recovered with forensic tools. This is true even if the user of the electronic device deleted the file. This is so because when a person "deletes" a file on a computer or electronic device, the data contained in the file does not actually disappear; rather, the data remains on the storage medium until it is overwritten by new data.

17. The **SUBJECT PHONE** is currently in the possession of the ATF. The **SUBJECT PHONE** came into the possession of the ATF through the lawful arrest of WARREN. The **SUBJECT PHONE** is currently in storage at the ATF Field Office in Oklahoma City, located at 901 N.E. 122nd Street, Suite 200. In my training and experience, I know that the **SUBJECT PHONE** has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the Devices first came into the possession of law enforcement.

18. Based on the above information, there is probable cause to believe that violations of 18 U.S.C. §§ 922(g)(1), 924(c) and 21 U.S.C. § 841(a)(1) have occurred, and that evidence, fruits, and instrumentalities of these offenses are located on the

**SUBJECT PHONE**. Therefore, I respectfully request that this Court issue a search warrant for the **SUBJECT PHONE**, described in **Attachment A**, authorizing the seizure of the items described in **Attachment B**.

19. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the **SUBJECT PHONE** consistent with the warrant. The examination may require law enforcement to employ techniques, including but not limited to computer-assisted scans of the entire medium, which might expose many parts of the **SUBJECT PHONE** to human inspection in order to determine whether it is evidence described by the warrant.

20. Because the warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

21. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the **SUBJECT PHONE** described in Attachment A to seek the items described in Attachment B.

Respectfully submitted,

David J. McCauley Jr.
Special Agent
ATF

Subscribed and sworn to before me
on May 2, 2024:

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

The property to be searched is an Apple iPhone 13 Pro Max with IMEI 3526534483001200 hereinafter referred to as "The Device". The Device is currently located Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) 901 N.E. 122nd Street, Suite 200, Oklahoma City, Oklahoma 73114

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.



## ATTACHMENT B

1. All records on the Device described in Attachment A that relate to violations of federal law to include Possession of a Firearm by a Convicted Felon [18 U.S.C. 922(g)(1)], Possession of Firearm(s) in Furtherance of a Drug Trafficking Crime [18 U.S.C. 924(c)] and involve WARREN and other unknown persons, including:

   a. Communications with subjects related to firearms and narcotics trafficking and other illegal activities;

   b. Information to include multi-media related to the acquisition and disposition of narcotics and firearms;

   c. Information related to financial payments and proceeds related to narcotics and firearms trafficking and other illegal activities;

   d. The identity of subjects both identified and unidentified involved in the criminal conspiracy

   e. any information recording Tera WARREN's schedule or travel from 2023 to the present;

   f. all bank records, checks, credit card bills, account information, and other financial records.

2. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.